IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FREDDIE K. KING, ID # 1157843,    )
        Petitioner,    )
vs.    )    No. 3:05-CV-0037-D
    )
DOUGLAS DRETKE, Director,    )
Texas Department of Criminal    )
Justice, Correctional Institutions Division,    )
        Respondent.    )

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

### A. Nature of the Case

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a January 10, 2003 judgment of conviction and forty-year sentence for possession of a controlled substance in Cause No. F99-55712-NR. Respondent is Douglas Dretke, Director of TDCJ-CID.

### B. Procedural and Factual History

On December 16, 1999, the State indicted petitioner for possession of cocaine with two enhancement paragraphs based on prior felony convictions for credit card abuse (Cause No. F96-

33605-IS) and aggravated robbery with a deadly weapon (Cause No. F86-92065-UN). *See* S.H. Tr.[1] at 47-48 (indictment). On October 23, 2000, petitioner entered into a plea bargain agreement whereby he pled guilty to the possession charge and true to the enhancement paragraphs. *See id.* at 56-57. On November 20, 2000, the trial court placed him on deferred adjudication probation for ten years.[2] *See id.* at 55.

On December 12, 2002, the State moved for an adjudication of guilt based upon six alleged violations of conditions of probation. *See id.* On January 10, 2003, petitioner entered into a plea agreement whereby he pled true to two of the six alleged probation violations in the motion for adjudication. *See id.* at 58-60. On that same date, the court found that petitioner violated conditions of his probation, adjudicated him guilty of the charged offense, found the enhancement paragraphs true, entered judgment, and sentenced him to forty years imprisonment.[3] *See id.* at 51.

Petitioner filed no direct appeal regarding his possession conviction in Cause No. F99-55712-NR. (*See* Pet. for Writ of Habeas Corpus (Pet.) at 2.)[4] On April 13, 2004, petitioner filed a state petition seeking habeas relief from his conviction. *See* S.H. Tr. at 2. On September 15, 2004, the

---

[1] "S.H. Tr." denotes the state habeas records attached to *Ex parte King*, No. 28,368-02, slip op. (Tex. Crim. App. Sept. 15, 2004).

[2] Scott Bryant represented petitioner through November 20, 2000. (*See* Mem. Supp. at 2-3.)

[3] Catherine Gould represented petitioner in 2002 and 2003. (Mem. Supp. at 3.)

[4] The Court notes that, in reply to the respondent's motion to dismiss this action as time-barred, petitioner argues that he filed an appeal but never received a response. (*See* Petr.'s Reply at 8th page (the pages of the reply brief are unnumbered).) He further states that "[a]lthough he did not receive a direct appeal . . . he did seek collateral review . . . by submitting [a] request to withdraw his plea, [a] request for an appeal; and by filing a complaint with the Board of Disciplinary Appeals Appointed by the Supreme Court of Texas." (*Id.*) He provides documentation which shows that the Board of Disciplinary Appeals disposed of his disciplinary case against Attorney Gould on April 11, 2003. (*See* Ex. A attached to Petr.'s Reply.) Despite the arguments in his reply brief, petitioner has not shown that he appealed his conviction. Furthermore, he concedes in his state and federal petitions for writ of habeas corpus as well as his supporting memorandum that he has filed no such appeal. (*See* Pet. at 2; S.H. Tr. at 3; Mem. Supp. at 3.)

2

Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court. *Ex parte King*, No. 28,368-02, slip op. at 1 (Tex. Crim. App. Sept. 15, 2004).

Petitioner filed the instant petition on December 30, 2004, when he signed and placed it in the prison mail system. (Pet. at 18); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). As summarized in the memorandum in support of his petition, petitioner raises the following five claims in nineteen grounds for relief:

> (1) his sentence was illegally enhanced; (2) he was denied the effective assistance of counsel (ten separate grounds for relief); (3) his sentence is illegal; (4) his plea was involuntary (four separate grounds for relief); and [(5)] his conviction was the result of a coerced confession . . . (three separate grounds for relief).

(*See* Mem. Supp. at 3.)

On March 18, 2005, respondent filed a motion to dismiss the instant action as barred by the federal statute of limitations. (*See* Mot. Dismiss at 3-6.) On May 26, 2005, the Court received petitioner's reply to that response. (*See* Petr.'s Reply at 1.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction

became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner does not rely upon subparagraph (C) for finding his § 2254 petition timely. (*See* Petr.'s Reply. at 1-13.) Instead, petitioner argues that the period of limitations would commence when his conviction became final, except that "he could not have discovered the factual predicate of his claim until a date subsequent to the date of his conviction" and that a State-created impediment caused by a failure of the State to timely provide him a copy of court records and transcripts prevented him from filing his federal petition until December 5, 2003. (Petr.'s Reply at 7-9.) Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from (A) the date petitioner's conviction became final unless an impediment under (B) or a factual predicate under (D) provides a later commencement date.

## A. Finality of Judgment of Conviction

Under 28 U.S.C. § 2244(d)(1)(A), a judgment of conviction becomes final at one of two distinct points, *i.e.*, "by the conclusion of direct review or the expiration of the time for seeking such review." Direct review encompasses a petition for writ of certiorari filed with the Supreme Court, *Giesberg v. Cockrell*, 288 F.3d 268, 270 (5th Cir. 2002), and ends "when the Supreme Court either rejects the petition for certiorari or rules on its merits", *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th

Cir. 2003). When a "conviction does not become final by the conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review.'" *Id.* The time for seeking direct review "includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort." *Id.* However, when the appeal process stops "before that point, the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.*

In this case, petitioner never formally commenced the direct appeal process. For purposes of § 2244(d), his judgment of conviction thus became final thirty days after the trial court adjudicated him guilty and sentenced him, and he failed to appeal.[5] *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) (noting that a conviction becomes final under Texas law thirty days after the defendant pled guilty and failed to file an appeal). Petitioner's state judgment of conviction thus became final on February 10, 2003.[6] That date commences the limitations period unless petitioner shows an impediment or a factual predicate that provides a later commencement date.

---

[5] Although petitioner purports to challenge only the January 2003 judgment of conviction, he raises claims related to the events of his guilty plea prior to the November 2000 placement on deferred adjudication probation. Petitioner's ability to appeal the November 2000 order that placed him on deferred adjudication probation expired thirty days thereafter. *See* TEX. R. APP. P. 26.2(a)(1) (stating that "[t]he notice of appeal must be filed . . . within 30 days after the day sentence was imposed or suspended in open court, or after the day the trial court enters an appealable order"). The Fifth Circuit has held that orders of deferred adjudication probation are final judgments for purposes of AEDPA's statute of limitations. *See Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005). However, the Court need not determine when the claims related to the November 2000 order of deferred adjudication probation became final for purposes of limitations. Because the instant action appears untimely even when commencing the limitations period from the later January 2003 judgment of conviction, consideration of finality from the November order would not alter the outcome.

[6] Respondent submits that, because the thirtieth day fell on a Sunday, petitioner had until Monday, February 10, 2003, to file his notice of appeal. (*See* Mot. Dismiss at 5 n.3.)

### B. Impediment

Petitioner alleges that "an unconstitutional 'State Action'" prevented him from filing his federal habeas petition. (Petr.'s Reply at 7.) More specifically, he alleges that, because the State denied him access to court transcripts and records until providing some records on December 5, 2003, the limitations period commenced no earlier than that date. (*Id.* at 9.)

Although petitioner attempts to invoke § 2244(d)(1)(B), he has shown no impediment that falls within the purview of that subparagraph. To satisfy this subparagraph, "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). While this section does not define what constitutes an "impediment", its "plain language . . . makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002). That petitioner did not receive copies of state court records until December 5, 2003, did not prevent him from timely filing the instant federal petition. *See Earls v. Johnson*, No. 3:00-CV-1193-P, 2001 WL 238099, at *2 (N.D. Tex. Mar. 5, 2001) (finding no State-created impediment when the petitioner did not receive his state court records when he requested them and noting that such delay of itself does not prevent the filing of a federal petition for writ of habeas corpus), *adopted by* 2001 WL 305860 (N.D. Tex. Mar. 29, 2001). Consequently, the Court finds no State-created impediment that prevented petitioner from timely filing the instant action. The one-year statute of limitations is therefore calculated from the date petitioner's judgment of conviction became final or the date he knew or could have known through the exercise of due diligence the factual basis of his claims.

6

## C.  Factual Predicate

With regard to subparagraph (D), the date on which petitioner knew or should have known with the exercise of due diligence the facts supporting his claims, petitioner proclaims "that he could not have discovered the factual predicate of his claim until a date subsequent to the date of his conviction." (Petr.'s Reply at 7.)  Despite that proclamation, he identifies no claim for which he lacked knowledge of its factual predicate.  He merely argues that he diligently pursued court documents until he received some documents in December 2003.  That a petitioner may lack court records or transcripts does not mean that he lacked knowledge of the factual basis for his claims. Moreover, after reviewing the claims raised in the instant action, the Court concludes that petitioner knew or should have known the factual predicate for each of his claims no later than January 10, 2003.

When the trial court placed him on deferred adjudication probation in November 2000, petitioner would have known the factual basis for the claim that his sentence was illegal.[7]  At that time, he also would have known the factual basis for his claim that he involuntarily pled guilty. Furthermore, to the extent his claim of coerced confession relates to acts that occurred prior to his placement on deferred adjudication probation, he would have known the factual basis for such claim when he made the confession.

To the extent the coerced-confession claim relates to events in 2002 and 2003, petitioner would have known the factual basis for that aspect of the claim no later than January 10, 2003.  In

---

[7]  Although petitioner may have been ineligible for regular probation, *see* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(F) (Vernon Supp. 1999) (showing that the provision for judge-ordered community supervision does not apply to defendants adjudged guilty of aggravated robbery), he remained eligible for deferred adjudication probation, *see id.* § 5 (showing that deferred adjudication probation was available).  Petitioner's legal basis for this claim thus appears flawed.

7

addition, when the trial court sentenced him on January 10, 2003, he would have known the factual predicate for his claim that his sentence was illegally enhanced.

Petitioner's claims of ineffective assistance also extends to acts and omissions of counsel related to the plea proceedings in 2000 and the adjudication-of-guilt proceedings in 2002 and 2003. Each claim of ineffective assistance relates to acts or omissions of counsel that occurred no later than January 10, 2003. Petitioner presents nothing to show that he did not know the factual basis for such claims on or before that date. The Court thus finds that he knew or should have known the factual basis for such claims at that time.

**D. Conclusions Regarding Commencement Date**

Petitioner's judgment of conviction became final on February 10, 2003. The Court finds that no State-created impediment prevented petitioner from timely filing the instant action. It further finds that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date petitioner's state judgment of conviction became final. The federal statute of limitations thus commenced on February 10, 2003. Because petitioner filed his petition more than one year after that date, a literal application of § 2244(d)(1) renders his December 30, 2004 filing untimely.

## III.  TOLLING

**A. Statutory Tolling**

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*."

8

28 U.S.C. § 2244(d)(2) (emphasis added).  Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts.  *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).  In this instance, furthermore, petitioner indicates that he sought "collateral review . . . by submitting [a] request to withdraw his plea, [a] request for an appeal; and by filing a complaint with the Board of Disciplinary Appeals Appointed by the Supreme Court of Texas." (Petr.'s Reply at 8.)

Whether the request to withdraw plea, request for appeal, or disciplinary complaint tolls the limitation period depends on whether the document sought collateral "'review' of the judgment pursuant to which [petitioner] is incarcerated." *Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002). As a prerequisite to statutory tolling pursuant to § 2244(d)(2), petitioner must have properly filed an application for State collateral review.  *Duncan v. Walker*, 533 U.S. 167, 174-77 (2001) (recognizing that "State postconviction" is a form of collateral review).  Neither petitioner's request to withdraw his plea nor his complaint with the Board of Disciplinary Appeals seek collateral review of the judgment that resulted in his incarceration.  Consequently, the filing of such documents does not act to statutorily toll the limitations period.  Furthermore, because a request for an appeal invokes the direct review process, not the collateral review process, *see Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (noting that an appeal constitutes direct review, and distinguishing it from collateral review); *Brecht v. Abrahamson*, 507 U.S. 619, 634-35 (1993) (same), the purported request for appeal does not statutorily toll the limitations period.  In fact, had petitioner timely filed an appeal, such

filing would have delayed commencement of the limitations period rather than acting to toll the period pursuant to § 2244(d)(2).

In addition, when petitioner filed his state petition on April 13, 2004, the statutory limitations period had already expired because the limitations period commenced no later than February 10, 2003. It is well settled that a document, filed in state court after the limitations has expired, does not operate to statutorily toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

For all of these reasons, the statutory tolling provision does not save the December 30, 2004 federal petition.

## B. Equitable Tolling

Petitioner appears to seek equitable tolling based upon his status as a *pro se* litigant who is not well-versed in the law. (*See* Petr.'s Reply at 12-13.) He also seeks to equitably toll the one year period of limitations based upon the State's failure to provide court records. (*See id.* at 10-13.)

The Fifth Circuit Court of Appeals held in *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998), "as a matter of first impression, that the AEDPA one-year limitations period was a statute of limitations, not a bar to federal jurisdiction . . . [and thus] could be equitably tolled, albeit only in 'rare and exceptional circumstances.'" *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a

[party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  Nevertheless, a petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief." *Coleman*, 184 F.3d at 403.  "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998).  "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).  "The petitioner bears the burden of proof concerning equitable tolling, and must demonstrate 'rare and exceptional circumstances' warranting application of the doctrine." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (footnote omitted).[8]

### 1. *Pro Se status and Ignorance of the Law*

With regard to petitioner's *pro se* status, equitable tolling is not warranted merely because a petitioner proceeds *pro se* and is not well-versed in the law.  "[I]gnorance of the law or of statutes of limitations is insufficient to warrant tolling." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). That petitioner proceeds without counsel likewise does not warrant tolling. *Id.* at 171.  Neither unfamiliarity with the legal process nor "lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

---

[8] Petitioner relies upon *Griffin v. Rogers*, 308 F.3d 647 (6th Cir. 2002) for the proposition that he does not have the burden to show that equitable tolling is warranted.  Regardless of *Griffin*, this Court is bound by decisions of the Fifth Circuit Court of Appeals.  Consistent with *Alexander*, it thus places the burden on petitioner.

11

### 2. *Lack of Transcripts and Court Records*

"Delays in the receipt of transcripts and court records do not generally equate to an 'extra-ordinary circumstance' that justifies equitable tolling of the limitations period established by the AEDPA." *Munguia v. Dretke*, No. 3:02-CV-1453-R, 2004 WL 2254221, at *4 (N.D. Tex. Oct. 6, 2004) (findings, conclusions, and recommendation citing *Fadayiro v. United States*, 30 F. Supp. 2d 772, 780 (D.N.J. 1998); *United States v. Van Poyck*, 980 F. Supp. 1108, 1111 (C.D. Cal. 1997)), *accepted by* 2004 WL 2389372 (N.D. Tex. Oct. 25, 2004). As was the case in *Munguia*, "[p]etitioner has not shown how the court records were necessary for the filing of his petition, and nothing of record indicates that petitioner needed his state records to raise his claims." *See id.* In fact, petitioner filed the instant action without obtaining a copy of court transcripts. (*See* Petr.'s Reply at 8-9 (indicating that petitioner received some copies of court records on December 5, 2003, but no transcript).) It thus appears that such access was unnecessary to present petitioner's claims. Petitioner has provided nothing to show that the alleged denial amounts to an extraordinary circumstance that entitles him to equitable tolling.

Petitioner has not shown that he was actively misled by the State about the cause of action or was prevented in some extraordinary way from asserting his rights. He has not shown extraord-inary circumstances beyond his control that made it impossible to file his petition on time. He failed to file an appeal within the period prescribed by state statute. He filed no state collateral review until the federal limitations period expired. He has not shown that he diligently pursued habeas relief. Because petitioner has shown no entitlement to equitable tolling, the instant federal petition falls outside the statutory period of limitations, and the Court should find it untimely.

## III.  EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **FIND** the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by the statute of limitations, **GRANT** respondent's motion to dismiss, and **DISMISS** the instant petition for writ of habeas corpus with prejudice.

**SIGNED this 1st day of February, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE